FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of GOLDOME, Formerly known as Goldome FSB, Plaintiff–Appellee,

v.

Arthur PULLEM, Defendant–Appellant.

Docket No. 01-6071.

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

**80**

Arthur Pullem, San Ramon, CA, pro se.

Jeanette E. Roach, Counsel to FDIC, Washington, DC, for Appellee.

Present KEARSE, MINER, and PARKER, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was submitted by defendant *pro se* and by counsel for plaintiff.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed in part and vacated in part, and the matter is remanded.

Defendant *pro se* Arthur Pullem appeals from a judgment of the United States District Court for the Western District of New York, Richard J. Arcara, *Judge,* awarding plaintiff Federal Deposit Insurance Corporation ("FDIC") $122,000 plus interest on its claim for conversion of the assets of Goldome Bank, FSB ("Goldome"). The district court granted summary judgment in favor of FDIC on that claim, ruling that Pullem did not dispute certain of FDIC's assertions, and that his statements relating to other assertions were neither sworn nor supported as required by Fed.R.Civ.P. 56(e). For the reasons that follow, we affirm the judgment in part, vacate in part, and remand for further proceedings.

By order dated October 12, 2001, we ordered FDIC to show cause, in light of *McPherson v. Coombe,* 174 F.3d 276, 280–82 (2d Cir.1999), and *Vital v. Interfaith Medical Center,* 168 F.3d 615, 620–21 (2d Cir.1999), and the authorities cited therein, why the judgment of the district court should not be vacated on the ground that, prior to the granting of summary judgment, Pullem, proceeding *pro se,* had not been given notice of, and was not otherwise aware of, his obligations with respect to a proper response to FDIC's motion for summary judgment. FDIC responded principally that it had given Pullem the required notice by stating in its memorandum of law in support of summary judgment that

[a] party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial,"

(FDIC Memorandum of Law at 3 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))).

We conclude that this statement was sufficient to alert Pullem that he could not rest on his complaint and was instead required to set forth specific facts. But it inappropriately failed to mention that Rule 56(e) required him to set forth those facts "by affidavits or as otherwise provided in this rule." Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). In *McPherson v. Coombe,* for example, we stated that where summary judgment is sought against a *pro se* litigant, "notice should include a short and plain statement that all assertions of material fact in the movant's affidavits will be taken as true by the district court unless the *pro se* litigant contradicts those factual assertions *in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence or by submitting other materials as provided in Rule 56(e),*" 174 F.3d at 282 (emphasis added), and that "notice to *pro se* litigants should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant *with counter-affidavits or other documentary evidence,*" *id.* at 281 (internal quotation marks omitted) (emphasis added). FDIC's memorandum did not include statements such as those emphasized in the above *McPherson* quotes. Nor did FDIC's memorandum cite Rule 56(e) itself.

FDIC's quotation of *Anderson* was inadequate because that opinion, in addressing an issue other than requirements as to the form of notice to be given to a *pro se* litigant, *see* 477 U.S. at 248, 106 S.Ct. 2505, replaced with an ellipsis the part of Rule 56(e) that specifies the required form of the factual proffer.

We note that although FDIC's notice of motion referred to "affidavits," it did so only in the context of specifying the deadline by which FDIC "demand[ed]" that answering papers be served. That part of the notice referred to Fed.R.Civ.P. 5 and 6 and Local Rule 7.1(c), which deal with how and when to file or make service. The notice of motion's mention of the service of affidavits was not linked to the requirements of Rule 56(e), and we do not regard that passing reference, citing other rules, as sufficient to alert a *pro se* party that his proffer of facts must be in the form required by Rule 56(e). In sum, we conclude that FDIC's motion papers, while sufficient to alert Pullem that he could not rest on his complaint and was instead required to come forward with specific facts, were insufficient to instruct him as to the form in which those specific facts needed to be proffered.

We further conclude that the flawed notice given by FDIC requires that the judgment entered in its favor be vacated in part. The magistrate judge in his report recommending the grant of summary judgment, which the district court adopted, stated that Pullem did "no[t] ... dispute FDIC's assertion regarding the terms of the agreement by which Pullem was to remit monies collected on the Goldome accounts in exchange for a commission," Report and Recommendation of Magistrate Judge Leslie G. Foschio dated July 19, 1999 ("Magistrate Judge's Report"), at 14, and that

*[s]ignificantly, Pullem submits nothing in support of [his] assertions. As*

such, they are merely conclusory and, therefore, insufficient to avoid summary judgment.... Moreover, *as Pullem's statements are neither sworn nor submitted under penalties of perjury, ... they are insufficient to defeat summary judgment. Fed.R.Civ.P. 56(e).*

Magistrate Judge's Report at 14 (emphases added). Our review of the record persuades us that the district court correctly found that Pullem had failed to proffer specific facts sufficient to create a genuine triable issue of material fact with respect to liability. Since Pullem plainly was informed of the need to proffer specific facts, we conclude that partial summary judgment against him on the matter of liability was appropriately granted.

However, in his response to the motion for summary judgment, Pullem made some specific factual assertions that appear to be relevant to the amount of damages to which FDIC is entitled. He asserted that his company in fact had remitted some funds to Goldome and/or some funds to Goldome's successor, and that his company's attorney had provided proof of such remittances. (*See* Pullem's Response to Motion for Summary Judgment at 2.) He did not, however, support these assertions with documentation or with an affidavit, either his own or that of the attorney. Because the district court appears to have relied, at least in part, on the absence of such support in granting summary judgment, *see* Magistrate Judge's Report at 14 ("as Pullem's statements are neither sworn nor submitted under penalties of perjury, ... they are insufficient to defeat summary judgment. Fed.R.Civ.P. 56(e)"), and because it is not clear that Pullem could not have submitted sworn or documentary support for the factual assertions he made relating to damages if he had been informed of all of Rule 56(e)'s requirements, we vacate the judgment to the extent that it fixed the amount of damages, and we remand for FDIC or the district court to give proper notice to Pullem and for further proceedings thereafter on the matter of damages.

We have considered all of the parties' contentions on this appeal and, except as indicated above, have found them to be without merit. The judgment of the district court is affirmed to the extent that it found Pullem liable on FDIC's claim for conversion, and is vacated to the extent that it determined the amount of damages to which FDIC is entitled on that claim. The matter is remanded to the district court for further proceedings not inconsistent with the above authorities and this order.

No costs.